UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DESIREE DELPIT, ET AL.                                          CIVIL ACTION

VERSUS                                                          NO. 16-26-JJB-RLB

BATON ROUGE CITY POLICE, DIST. 2,
ET AL.

**ORDER**

Before the Court is Plaintiffs' Motion to Compel Discovery (R. Doc. 58) filed on July 11, 2017. The deadline for filing an opposition has not expired.

Desiree Delpit and Dexter Delpit ("Plaintiffs") are proceeding *pro se* and *in forma pauperis*. Dexter Delpit is incarcerated at the Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana. Desiree Delpit is his mother.

As a preliminary issue, Plaintiffs have filed various discovery requests and/or responses to discovery requests into the record. (R. Docs. 43, 46, 47, 53, 54, 56, 59, 60, 61, 62, and 63). The Federal Rules of Civil Procedure provides that "disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission." Fed. R. Civ. P. 5(d)(1). The Court will strike any future filings that are not authorized or required to be filed into the record.

Plaintiffs did not attach any copies of propounded discovery requests and/or responses to those discovery requests in support of the instant Motion to Compel. This Court's Local Rules requires a party moving to compel responses to discovery requests to "quote verbatim each interrogatory, request for production, or request for admission to which the motion is addressed,

followed immediately by the verbatim response or objection which provided thereto." LR 37. Where no responses or objections have been provided, the moving party must, at a minimum, provide the Court with a copy of the written discovery requests at issue. Without the language of the discovery requests, the Court cannot determine whether an order requiring responses is appropriate.

Furthermore, Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention).

The instant motion to compel does not contain the required Rule 37(a)(1) certification. Accordingly, the motion will be denied on that basis. The Rule 37 conference is an effort to avoid judicial intervention, and the parties must treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes. At a minimum, Plaintiffs should attempt to schedule a conference, by phone, on a specific date and time to attempt to resolve any discovery issue directly.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (R. Doc. 58) is **DENIED.** Any renewed motion to compel must identify the discovery propounded and Defendants' responses.

Furthermore, Plaintiffs must schedule and hold a Rule 37(a)(1) conference prior to seeking judicial intervention with regard to propounded discovery.

**IT IS FURTHER ORDERED** that Plaintiff must cease filing any documents, including discovery and discovery responses, that are not authorized or required to be filed into the record pursuant to the Federal Rules of Civil Procedure 5(d)(1).  The Court will strike any future filings and/or mailings to the Clerk's Office that are not authorized or required to be filed into the record.

Signed in Baton Rouge, Louisiana, on July 14, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

3