UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DESIREE DELPIT, ET AL.**                           **CIVIL ACTION**

**VERSUS**                                           **NO. 16-26-JJB-RLB**

**BATON ROUGE CITY POLICE, DIST. 2,
ET AL.**

## ORDER

Before the Court is Plaintiffs' Motion to Depose Mr. and Mrs. Parker Over Telephone Conference (R. Doc. 57) filed on July 11, 2017. The motion is not opposed.[1]

Desiree Delpit and Dexter Delpit ("Plaintiffs") are proceeding *pro se* and *in forma pauperis*. Dexter Delpit is incarcerated at the Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana. Desiree Delpit is his mother.

Plaintiffs seek leave to depose Mr. and Mrs. Alphonese Parker, who live in Houston, Texas, by telephone. It is unclear what role these non-parties have with regard to the underlying allegations.

Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that, upon motion, the court may order a deposition to be "taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). "Generally, leave to take depositions by remote electronic means should be granted liberally." *Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. Tex. 2008). Considering that Plaintiffs are proceeding *pro se* and *in forma pauperis*, and one of the Plaintiffs is incarcerated, the Court will allow any deposition of Mr. and Mrs. Alphonese Parker to proceed by telephone or videoconference.

---

[1] The defendants note that Plaintiffs have not taken any action to accomplish taking the deposition such as coordinating the deposition date with the witness or opposing counsel or hiring a court reporter. (R. Doc. 66).

A party must obtain leave of court to take more than 10 depositions in an action unless a stipulation is reached between the parties. Fed. R. Civ. P. 30(a)(2)(A)(i). By previous Order, the Court granted Plaintiffs leave to exceed the 10 deposition limit for the purpose of deposing all of the named Defendants. (R. Doc. 50). To the extent necessary, the Court will grant Plaintiffs leave to further exceed the 10 deposition limit to depose the non-parties identified as Mr. and Mrs. Alphonese Parker.

To the extent necessary, Plaintiff must obtain a subpoena to secure the depositions of Mr. and Mrs. Alphonese Parker as required by Rule 45 of the Federal Rules of Civil Procedure and take all necessary steps to properly secure their attendance.

The Court notes for the benefit of the Plaintiffs that despite their *pro se* and *in forma pauperis* status, they "must still pay fees associated with any depositions of defendants" including "the cost of the court reporter's servicers as well as the cost for copies of the transcripts." *See Brown v. Carr*, 236 F.R.D. 311, 313 (S.D. Tex. 2006); *see also Wright v. United States*, 948 F. Supp. 61, 62 (M.D. Fla. 1996) ([T]he majority of the courts that have addressed the issue of payment of court reporter fees and costs of transcription have found that [28 U.S.C. §] 1915 does not give the trial court authority to direct the government to pay for such costs.").[2]

Nothing in this Order shall be interpreted as requiring Mr. and Mrs. Alphonese Parker to attend a deposition in the absence of a valid Rule 45 subpoena or as otherwise concluding that Mr. and Mrs. Alphonese have any information to provide that is within the scope of discovery as defined by Rule 26(b)(1).

---

[2] The subpoena for the depositions must state the method for recording the testimony. Accordingly, Plaintiffs must make arrangements for such recording and associated fees prior to the depositions.

Based on the foregoing,

**IT IS ORDERED** that Motion to Depose Mr. and Mrs. Parker Over Telephone Conference (R. Doc. 57) is **GRANTED** as detailed in this Order.

Signed in Baton Rouge, Louisiana, on July 19, 2017.

    **RICHARD L. BOURGEOIS, JR.**
    **UNITED STATES MAGISTRATE JUDGE**