UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DESIREE DELPIT, ET AL.**                  **CIVIL ACTION**

**VERSUS**                                       **NO. 16-26-JJB-RLB**

**BATON ROUGE CITY POLICE, DIST. 2,
ET AL.**

## ORDER

Before the Court is Plaintiffs' Motion to Compel Discovery (R. Doc. 68) filed on August 4, 2017. The deadline for filing an opposition has not expired.

Desiree Delpit and Dexter Delpit ("Plaintiffs") are proceeding *pro se* and *in forma pauperis*. Dexter Delpit is incarcerated at the Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana. Desiree Delpit is his mother.

Plaintiffs represent that Defendants have not responded to "Plaintiff's Supplemental Request for Production" prior to the July 24, 2017 deadline to complete non-expert discovery. (R. Doc. 68 at 1). Plaintiffs have incorporated into their motion copies and/or partial copies of Defendants' Supplemental Response to Plaintiff's Interrogatories and Request for Production of Documents dated March 23, 2017 and Defendants' Response to Plaintiff's Second Supplemental Interrogatories and Request for Production of Documents dated July 13, 2017. (R. Doc. 68 at 2-16). Plaintiffs also incorporated into their motion a copy of a voluntary witness statement dated January 16, 2015. (R. Doc. 68 at 17-18).

For the following reasons, the Court will deny the instant motion.

Foremost, the instant motion is untimely. Local Rule 26(d)(1) provides that "[a]bsent exceptional circumstances, no motions relating to discovery, including motions under Fed. R. Civ. P. 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they

are filed within seven days after the discovery deadline and pertain to conduct during the final seven days of discovery." LR 26(d)(1). Accordingly, the instant motion to compel, which was filed 11 days after the close of non-expert discovery, is untimely. *See* LR 26(d)(1); *see also Price v. Maryland Cas. Co.*, 561 F.2d 609, 611 (5th Cir. 1977) (denying motion to compel filed after the close of discovery where party had been "inexcusably dilatory in his efforts"); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 396-99 (N.D. Tex. 2006) (motion to compel was untimely filed two weeks after the discovery deadline; motion should have been filed within discovery deadline); *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril.").

Moreover, Plaintiffs did not attach any copies of propounded discovery requests and/or responses to those discovery requests in support of the instant Motion to Compel. This Court's Local Rules requires a party moving to compel responses to discovery requests to "quote verbatim each interrogatory, request for production, or request for admission to which the motion is addressed, followed immediately by the verbatim response or objection which provided thereto." LR 37. While Plaintiffs have attached certain discovery requests and responses to the instant motion, Plaintiffs have not identified the specific discovery requests at issue, when they were served, and why the responses provided are deficient. Accordingly, the Court has no basis for affording the relief sought.

Finally, Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it

without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention). The instant motion to compel does not contain the required Rule 37(a)(1) certification.[1] Accordingly, the motion will also be denied on that basis.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (R. Doc. 68) is **DENIED.**

Signed in Baton Rouge, Louisiana, on August 16, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] In denying Plaintiff's previous motion to compel, the Court specifically informed Plaintiffs that they "must schedule and hold a Rule 37(a)(1) conference prior to seeking judicial intervention with regard to propounded discovery." (R. Doc. 64 at 3).