# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DESIREE DELPIT, ET AL.**                                          **CIVIL ACTION**

**VERSUS**                                                          **NO. 16-26-JWD-RLB**

**BATON ROUGE CITY POLICE, DIST. 2,**
**ET AL.**

## ORDER

Before the Court is Plaintiffs' Motion to Amend Original Complaint (R. Doc. 87) filed on February 7, 2018. The motion is opposed. (R. Doc. 97).

Desiree Delpit and Dexter Delpit ("Plaintiffs") are proceeding *pro se* and *in forma pauperis*. Dexter Delpit is incarcerated at the Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana. Desiree Delpit is his mother.

Plaintiffs commenced this action on January 13, 2016, and amended the complaint on February 25, 2016. (R. Doc. 1; R. Doc. 6). Plaintiffs allege that on January 16, 2015, that the police officer defendants "lied on their reports," pushed Desiree Delpit on the floor of her house and outside her house, and beat and falsely accused Dexter Delpit. (R. Doc. 6).

On December 7, 2016, the Court set the deadline to amend the pleadings on March 20, 2017. (R. Doc. 27). Non-expert discovery closed on July 24, 2017. (R. Doc. 41). The deadline to file dispositive motions expired on the date the instant motion was filed, February 7, 2018. (R. Doc. 79).[1] Trial is set to commence on August 13, 2018. (R. Doc. 27).

---

[1] Defendants timely moved for summary judgment on Plaintiffs' claims. (R. Doc. 80; R. Doc. 81). To the extent Plaintiffs are seeking to oppose Defendants' motions for summary judgment by submitting controverted facts or seeking any extension of time to otherwise oppose such motions, the appropriate relief must be sought from the district judge.

After a scheduling order is in place, amendments to pleadings beyond the date set by the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure, which requires a showing of "good cause" for modifying the deadline set by the scheduling order. *See S & W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). In order to show "good cause" the party seeking modification must show the deadlines could not "reasonably be met despite the diligence of the party needing the extension." *S & W Enter.*, 315 F.3d at 545 (citation omitted). The Court considers four factors for determining whether "good cause" exists to grant an untimely motion to amend a pleading: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *See id.* (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enter.*, 315 F.3d at 536.

Plaintiffs do not provide any basis for a finding of good cause to allow amendment at this point in the litigation. Plaintiffs' motion consists solely of the language of the proposed pleading, a significantly more detailed account of factual events than previously pled by Plaintiffs. (*See* R. Doc. 87).[2] Plaintiffs provide no argument supporting a finding that the proposed factual allegations were unavailable at the time the deadline to amend the pleadings expired on March 20, 2017. To the extent Plaintiffs are attempting to add new claims, they have not demonstrated why they did not seek leave to add these claims prior to the deadline to amend

---

[2] As pointed out by Defendants, only Desiree Delpit signs the instant motion/proposed pleading. (*See* R. Doc. 87 at 5-6). Accordingly, the motion is also denied to the extent Desiree Delpit seeks modification of any claims brought by her son Dexter Delpit because Desiree Delpit is not acting as counsel for her son.

2

the pleadings.  Plaintiffs simply provide no reason why they waited over 10 months after the deadline to seek amendment, and until the deadline to file dispositive motions, to file the instant motion.  Furthermore, given the procedural posture of this action, Defendants will be prejudiced if leave to amend is allowed.

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Amend Original Complaint (R. Doc. 87) is **DENIED**.

Signed in Baton Rouge, Louisiana, on March 15, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**